UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BEAVER K. GAMBLE,

      Plaintiff,

v.                            CASE NO. 8:13-CV-697-T-17MAP

STATE OF FLORIDA,

      Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 6    Motion to Recuse
Dkt. 9    Motion to Appoint Counsel
Dkt. 10   Motion for Leave to File Amended Complaint

Plaintiff Beaver K. Gamble is proceeding pro se. The assigned Magistrate Judge denied the Plaintiff's Motion to Proceed IFP without prejudice, and granted leave to file an amended complaint which conforms to the requirements of Fed. R. Civ. P. 8(a) and 10(b), within fourteen days (Dkt. 4).

Plaintiff Gamble has moved to recuse the assigned Magistrate Judge, and seeks leave to file an amended complaint.

I. Standard of Review

A judge must disqualify himself if his impartiality might reasonably be questioned or if he has a personal bias or prejudice against a party. 28 U.S.C. Sec. 455. Usually, bias sufficient to disqualify a judge must stem from an extrajudicial source, except

Case No. 8:13-CV-697-T-17MAP

"where such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party." Davis v. Board of School Comm'rs of Mobile County, 517 F.2d 1044, 1051 (5th Cir.1975), cert. denied, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976). A judge should be disqualified only if a reasonable person, apprised of all the facts and circumstances, would question the judge's impartiality. Hunt v. Am Bank and Trust Co. of Baton Rouge, 783 F.2d 1011, 1015 (11th Cir. 1986); Potashnick v. Port City Constr. Co., 609 F.2d 1101, 1110-11 (5th Cir.), cert. denied, 449 U.S. 820, 101 S.Ct. 78, 66 L.Ed.2d 22 (1980).

B. Discussion

1. Recusal

Pursuant to 28 U.S.C. Sec. 455(a), any justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality may reasonably be questioned. 28 U.S.C. Sec. 455(a). Sec. 455(b) requires disqualification under specific circumstances, including a situation in which a judge has a personal bias or prejudice concerning a party. 28 U.S.C. Sec. 455(b)(1). The judge's bias must be personal and extrajudicial, and must derive from something other than what the judge learned by participating in the case. The standard under Sec. 455 is an objective standard, requiring the district court to ask whether a disinterested observer, fully informed of the facts underlying the grounds on which recusal was sought, would have a significant doubt about the judge's impartiality. Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000). In general, a judge's rulings in a case are not valid grounds for recusal. Loranger v. Stierheim, 10 F.3d 776, 780 (11th Cir. 1994).

Plaintiff Gamble argues that the assigned Magistrate Judge has a personal bias or prejudice, and the Court's Order is wrong.

Case No. 8:13-CV-697-T-17MAP

Plaintiff's Motion for Recusal rests solely on a ruling in this case, which is not a valid ground for recusal. There is no evidence within the record which would cause a disinterested observer to doubt the Court's impartiality.

After consideration, the Court denies the Motion to Recuse.

2. Motion for Leave to File Amended Complaint

Plaintiff Gamble did not comply with the Court's prior Order to file an amended complaint within fourteen days, and has not explained Plaintiff's failure to comply. Plaintiff has not filed an amended complaint, but seeks leave to combine all of Plaintiff's prior cases, reopen those cases or to refile those cases. Plaintiff Gamble has filed eight cases in this Court, and has filed other cases in Pinellas County Circuit Court. (Dkt. 7-1, p. 1).

Plaintiff's proposed amended complaint suffers from the same deficiencies present in Plaintiff's Complaint (Dkt. 1), which was dismissed without prejudice. (Dkt. 4). Plaintiff Gamble has named the State of Florida as a defendant, but there are no specific allegations against the State of Florida, and there are limited exceptions to Eleventh Amendment immunity. (Dkt. 4). While Plaintiff Gamble is proceeding pro se, Plaintiff Gamble is subject to the Federal Rules of Civil Procedure, and the Local Rules of the Middle District of Florida. Plaintiff is directed to comply with Fed. R. Civ. P. 8(a) and Fed. R. Civ. P. 10(b).

After consideration, the Court **denies** Plaintiff's Motion for Miscellaneous Relief as to the proposed amended complaint (Dkt. 10), and **denies** the Motion to Appoint Counsel (Dkt. 9) without prejudice. The Court directs Plaintiff to file an amended complaint which complies with this Order and the Court's prior Order (Dkt. 4), within fourteen days. Failure to file an amended complaint in compliance with this Order may

Case No. 8:13-CV-697-T-17MAP

result in adverse consequences.   Accordingly, it is

**ORDERED** that the Motion to Recuse (Dkt. 6) is **denied**; the Motion for Miscellaneous Relief (Dkt. 10) is **denied**, and the Motion to Appoint Counsel (Dkt. 9) is **denied** as moot.  The Court **directs Plaintiff to file an amended complaint within fourteen days** which complies with the Federal Rules of Civil Procedure, and the Court's Orders.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 26th day of June, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record